**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-4079**

———————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DEANDRE EARP, a/k/a Dre Lok,

    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00395-D-2)

———————————

Submitted:  December 16, 2022      Decided:  February 3, 2023

———————————

Before AGEE and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Leslie Carter Rawls, Charlotte, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deandre Earp appeals the 480-month sentence imposed following his guilty plea to violent crime in aid of racketeering (VICAR) and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1959(a)(5) (Count 1), and various drug offenses. Earp argues that the district court erred in declining to grant him a reduction for acceptance of responsibility pursuant to U.S. Sentencing Guidelines Manual § 3E1.1 (2021). We affirm.

"We review a district court's decision concerning an acceptance-of-responsibility adjustment for clear error." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007). "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Doctor*, 958 F.3d 226, 234 (4th Cir. 2020) (internal quotation marks omitted).

The Guidelines provide for a reduction of two offense levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). "To earn the reduction, a defendant must prove to the court by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017) (internal quotation marks omitted). "A guilty plea may be evidence of acceptance, but it does not, standing alone, entitle a defendant to a reduction as a matter of right." *Dugger*, 485 F.3d at 239 (internal quotation marks omitted); *see* USSG § 3E1.1 cmt. n.3.

"To determine whether a defendant has accepted responsibility, the sentencing judge must weigh the totality of the circumstances." *United States v. Harris*, 890 F.3d 480, 488 (4th Cir. 2018). The Guidelines commentary provides a nonexclusive list of

considerations relevant to this inquiry, which includes, as pertinent here, the defendant's "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under [USSG] § 1B1.3." USSG § 3E1.1 cmt. n.1(A); *see* USSG § 3E1.1 cmt. n.3. Notably, "[a] defendant who falsely denies or frivolously contests relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1 cmt. n.1(A). Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," "the determination of the sentencing judge is entitled to great deference on review." USSG § 3E1.1 cmt. n.5; *see Harris*, 890 F.3d at 488.

Earp argues that he should have received a reduction under USSG § 3E1.1(a) because he pled guilty, thereby admitting all of the elements necessary to prove his guilt. While he raised numerous objections to the presentence report, he asserts that these disputes were legitimate, as most challenged statements provided by cooperating sources.

As Earp concedes, however, the district court found one of his objections frivolous—specifically, his objection to an enhancement under USSG § 2D1.1(b)(2) on the ground that he did not discuss killing Joelle Hamlin. Earp's VICAR conviction in Count 1 was expressly predicated on his participation in the conspiracy to murder Hamlin. *See* 18 U.S.C. § 1959(a)(5); *United States v. Zelaya*, 908 F.3d 920, 926-27 (4th Cir. 2018) (describing elements of offense). Earp admitted to that conduct as an element of the offense during his plea hearing and raised no objection during that hearing to the Government's detailed factual proffer regarding his involvement in that conspiracy. Moreover, Earp's

3

participation in that conspiracy was amply supported by the evidence adduced at sentencing, which easily refuted Earp's strained assertions that he only discussed fighting Hamlin. We conclude that the district court did not clearly err in finding this objection frivolous.

Earp also asserts that many of his objections would not have contradicted his guilty plea. This argument is misplaced, however, as we have made clear that USSG § 3E1.1(a) does not apply unless the defendant "first accept[s] responsibility for *all* of his criminal conduct." *United States v. May*, 359 F.3d 683, 694 (4th Cir. 2004) (internal quotation marks omitted). In view of the district court's well-supported finding that Earp frivolously disputed his involvement in the conspiracy to murder Hamlin, we conclude that the district court did not clearly err in denying a reduction under USSG § 3E1.1(a).

The Guidelines provide for an additional one-level reduction upon motion of the Government "[i]f the defendant qualifies for a decrease under [USSG § 3E1.1(a)]" and other requirements are satisfied. USSG § 3E1.1(b). Because the district court did not clearly err in denying a reduction under USSG § 3E1.1(a), Earp also was not entitled to a reduction under USSG § 3E1.1(b).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*